**Feng ZHONG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71553.

Agency No. A76–378–408.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 2004.

Decided Oct. 5, 2004.

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC-District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Linda S. Wendtland, Larry P. Cote, Washington, DC, for Respondent.

Before REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM *

Feng Zhong, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of the Immigration Judge's ("IJ") final order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture, 8 C.F.R. § 1208.16(d)(1). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

### 1. Adverse Credibility Finding

The IJ found Zhong's testimony to be incredible. "To determine whether substantial evidence supports the [IJ's] finding, we evaluate each ground cited by the [IJ] for its finding." *Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir.2003).

The IJ stated that its adverse credibility determination was based upon "significant vagaries, inconsistencies, implausibilities, and other difficulties with respect to [Zhong's] testimony." Specifically, the IJ noted that Zhong "did not answer or was unable to answer or was unwilling to answer specific questions by the Court, such

as the date that she left Tonga," and that Zhong was able "to recall only certain dates [of her travel and] could not recall other interim dates." The IJ also stated that Zhong was not responsive to questions about "how many persons were involved [in the Marxist Democratic Party (MDP)], what exactly she did, as well as other questions."

■ Substantial evidence does not support the IJ's finding that Zhong testified incredibly. It is well-settled that " 'discrepancies in dates which reveal nothing about an asylum applicant's fear of his safety' [are] 'minor inconsistencies' that cannot form the basis of an adverse credibility finding." *Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000) (quoting *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988)). Thus, Zhong's inability to recall exactly when she left Tonga, or when and where she made her brief stops on the way back to Hong Kong, does not support the IJ's adverse credibility finding, as these discrepancies have nothing to do with her fear of safety. *See id.* Her inability to recall how many people were in the MDP is similarly unrelated to her own fear of persecution, especially because, notwithstanding the IJ's statements to the contrary, her testimony discussed in detail her involvement in the pro-democracy movement. Such purported discrepancies do not support an adverse credibility determination because they do not reflect an "attempt[ ] by the applicant to enhance [her] claims of persecution." *Damaize–Job v. INS,* 787 F.2d 1332, 1337 (9th Cir. 1986); *see also Wang,* 341 F.3d at 1022. Accordingly, the IJ's adverse credibility determination is not supported by substantial evidence. Having reached this conclu-

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sion, we deem Zhong to be credible. *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004). Therefore, it is unnecessary to remand for another credibility determination. *He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003).

## 2. Zhong's "Resettlement" in Tonga

An applicant is not eligible for asylum if she has been firmly resettled within the meaning of 8 C.F.R. § 1208.15. *See* 8 C.F.R. § 1208.13(c)(2)(i)(B); *Andriasian v. INS*, 180 F.3d 1033, 1043 (9th Cir.1999).

■ Substantial evidence does not support the IJ's determination that Zhong was firmly resettled in Tonga. Although Zhong did receive a "right of abode" in Tonga, this was not an "offer of permanent residence status," for the purposes of 8 C.F.R. § 1208.15. The IJ's conclusion to the contrary is belied by a letter from the Tongan Office of the Minister of Police to the Tongan Consulate in San Francisco concerning the renewal of Zhong's passport, which states: "[As to the] issue of residence in Tonga, Mrs. ZHONG must apply to the minister of Police for an entry visa and such visa is in the sole discretion of the Minister of Police, on application." Because Zhong was required to submit an application for residency that was subject to the discretion of the Tongan Police, Zhong plainly had not yet received an "offer of permanent residence status" from Tonga, as required for a finding of firm resettlement under 8 C.F.R. § 1208.15. Because Tonga made no "offer of permanent residence status" to Zhong, the exceptions set forth in 8 C.F.R. § 1208.15(a) and (b) are irrelevant.

"[I]n the absence of direct evidence of an offer [of permanent residence], a lengthy, undisturbed residence in a third country may establish a rebuttable presumption that an individual has the right to return to that country and remain there permanently." *Andriasian*, 180 F.3d at 1043. It is undisputed, however, that Zhong spent no more than a few days in Tonga; she never resided there, let alone spent a lengthy, undisturbed residence sufficient to establish a presumption that she may return to Tonga and reside there permanently. Because Zhong had neither an offer of permanent residence in Tonga nor had she spent an undisturbed period of residence in the country, the IJ's determination that Zhong was firmly resettled in Tonga is not supported by substantial evidence.

Accordingly, we remand to the BIA to determine whether, accepting Zhong's testimony as true and given that Zhong was not firmly resettled in Tonga, Zhong is otherwise eligible for asylum. *See Ventura v. INS*, 317 F.3d 1003, 1005 (9th Cir. 2003).

**PETITION GRANTED, REMANDED.**